1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

11   PETRA VILLALOBOS, *et al.*,               Case No. 12-cv-2626-W(KSC)
12                          Plaintiffs,        **ORDER:**
13        v.                                   **(1) GRANTING DEFENDANTS'**
14                                             **MOTION TO DISMISS [DOC.**
15                                             **19]; AND**
16   CARMAX AUTO SUPERSTORE                    **(2) DENYING AS MOOT**
     CALIFORNIA, LLC,                          **DEFENDANTS' MOTION TO**
17                                             **STRIKE [DOC. 20]**
                            Defendant.
18

19        On September 20, 2012, Plaintiffs Petra Villalobos and John A. Villalobos
20   commenced this action against Defendant CarMax Auto Superstore California, LLC
21   ("CarMax") in the San Diego Superior Court.  Thereafter, Defendant timely removed
22   the action to this Court.  Defendant now move to dismiss the First Amended
23   Complaint ("FAC"), or in the alternative, strike portions of the FAC.  Plaintiffs
24   opposes.
25        The Court decides the matter on the papers submitted and without oral
26   argument.  See Civ. L.R. 7.1(d.1).  For the following reasons, the Court **GRANTS**
27   **WITH LEAVE TO AMEND** Defendant's motion to dismiss, and **DENIES AS**
28   **MOOT** Defendant's motion to strike.

## I.     BACKGROUND

On December 10, 2011, Plaintiffs purchased a 2006 Chrysler Pacifica from Defendant.  (FAC ¶ 6; <u>see also</u> FAC Ex. 1.)  According to Plaintiffs, Defendant "did not provide Plaintiffs with a completed inspection report prior to sale," but rather provided "a generic CQI CarMax Certified Qualified Inspection document that does not itemize any items in the specific vehicle that were inspected or repaired."  (<u>Id.</u> ¶¶ 6, 14–15 (internal quotation marks omitted); <u>see also</u> FAC Ex. 2.)  Plaintiffs allege that the Certified Quality Inspection ("CQI") certificate did not memorialize Defendant's "CQI/VQI Checklist" because the certificate was a generic form that "include[d] mechanical systems that were impossible to check or to certify because they do not exist on Plaintiffs' vehicle."  (<u>Id.</u> ¶ 20.)  The certification inspection form was eventually given to Plaintiffs "in a stack of documents after they signed the purchase documents."  (<u>Id.</u>; <u>see also</u> FAC Ex. 2.)

As a part of the transaction, Plaintiffs traded in a 2006 Ford F-150 for a trade-in value of $9,000.  (FAC ¶ 7.)  "The trade-in vehicle had an outstanding lien balance of $8,482.27, creating positive equity of $517.73."  (<u>Id.</u>)  Plaintiffs allege that they "elected to apply $190.74 to the downpayment on the [Chrysler] and received cash back from CarMax for the remaining positive equity on their trade-in, in the amount of $326.99."  (<u>Id.</u>)  However, on the Retail Installment Contract ("RIC"), Defendant listed the Ford's value as $8,482.27.  (<u>Id.</u> ¶ 9.)  Plaintiffs allege that Defendant failed to give them the agreed-upon value of their trade-in and the cash difference.  (<u>Id.</u>)

Lastly, Plaintiffs add that the Chrysler has "suffered from on-going mechanical defects wince Plaintiffs purchased it."  (FAC ¶ 10.)

On September 20, 2012, Plaintiffs commenced this action in the San Diego Superior Court.  This action was later timely removed.  Thereafter, Plaintiffs filed their FAC asserting claims for: (1) violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*; and (2) violation of the California Business and Professions Code, Cal. Bus. & Prof. Code § 17200, *et seq.*, which is also known as

1    the California Unfair Competition Law ("UCL").  Plaintiffs contend that Defendant
2    violated numerous subsections of the CLRA and the UCL by: (1) failing to provide a
3    copy of the CQI inspection report pre-purchase; (2) calling the vehicle certified when
4    Defendant "does not oversee, supervise and/or enforce any 'certification' standards";
5    (3) failing to provide a thorough 125-point inspection of the vehicle; (4) failing to
6    provide an inspection report at any time that complies with California law; (5) failing
7    to list the agreed-upon value of the trade-in vehicle on the purchase contract; and (6)
8    failing to list the "agreed value" of the trade-in on the contract.  (FAC ¶¶ 38, 45.)

9        Defendants now move to dismiss the FAC in its entirety, or in the alternative,
10   strike portions of the complaint.  Plaintiffs oppose.

11

12   **II.    LEGAL STANDARD[1]**

13       The court must dismiss a cause of action for failure to state a claim upon which
14   relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule
15   12(b)(6) tests the legal sufficiency of the complaint.  <u>Navarro v. Block</u>, 250 F.3d 729,
16   732 (9th Cir. 2001).  The court must accept all allegations of material fact as true and
17   construe them in light most favorable to the nonmoving party.  <u>Cedars-Sanai Med. Ctr.</u>
18   <u>v. Nat'l League of Postmasters of U.S.</u>, 497 F.3d 972, 975 (9th Cir. 2007).  Material
19   allegations, even if doubtful in fact, are assumed to be true.  <u>Bell Atl. Corp. v. Twombly</u>,
20   550 U.S. 544, 555 (2007).  However, the court need not "necessarily assume the truth
21   of legal conclusions merely because they are cast in the form of factual allegations."
22   <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal
23   quotation marks omitted).  In fact, the court does not need to accept any legal
24   conclusions as true.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

25       "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
26   detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

27   _____

28       [1] Defendants merely append Rule 12(b)(6) to their motion to dismiss without actually applying
     it anywhere in their motion.  Consequently, the Court **DENIES** Defendants' motion insofar as it being
     brought under Rule 12(b)(6).  But the Court will discuss the motion in the context of Rule 12(b)(1).

1   'entitlement to relief' requires more than labels and conclusions, and a formulaic

2   recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555

3   (internal citations omitted). Instead, the allegations in the complaint "must be enough

4   to raise a right to relief above the speculative level." <u>Id.</u> Thus, "[t]o survive a motion

5   to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

6   a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>,

7   550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

8   content that allows the court to draw the reasonable inference that the defendant is

9   liable for the misconduct alleged." <u>Id.</u> "The plausibility standard is not akin to a

10  'probability requirement,' but it asks for more than a sheer possibility that a defendant

11  has acted unlawfully." <u>Id.</u> A complaint may be dismissed as a matter of law either for

12  lack of a cognizable legal theory or for insufficient facts under a cognizable theory.

13  <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).

14          Generally, courts may not consider material outside the complaint when ruling

15  on a motion to dismiss.  <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d

16  1542, 1555 n.19 (9th Cir. 1990).  However, documents specifically identified in the

17  complaint whose authenticity is not questioned by parties may also be considered.

18  <u>Fecht v. Price Co.</u>, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on

19  other grounds).  Moreover, the court may consider the full text of those documents,

20  even when the complaint quotes only selected portions.  <u>Id.</u>  It may also consider

21  material properly subject to judicial notice without converting the motion into one for

22  summary judgment.  <u>Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir. 1994).

23

24  **III.   DISCUSSION[2]**

25          Defendant challenges the adequacy of Plaintiffs' FAC on three grounds: (1)

26  California Vehicle Code § 11713.18(a)(6) does not create a duty to disclose a "detailed

27  ───────────────

28          [2] Defendant requests judicial notice of legislative documents under Federal Rules of Evidence
    Rule 201.  (Doc. 25.)  These documents are not pertinent to the disposition of this order.  Therefore,
    the Court **DENIES AS MOOT** Defendant's request for judicial notice.

1   pre-sale repair history"; (2) failing to provide the report does not retroactively
2   "decertify" a vehicle; and (3) Plaintiffs fail to plead facts "demonstrating that any act
3   or omission of CarMax was the cause of 'actual damage' to plaintiffs." (Def.'s Mot.
4   6:23–8:14.)   Defendant also includes arguments applying Rule 9(b)'s heightened
5   pleading standard as well as Rule 12(f) peppered throughout its disorganized labyrinth
6   of a motion.  Naturally, Plaintiffs dispute each argument.

8       **A.    CLRA**

9       The CLRA provides a remedy against businesses employing deceptive practices
10  in the sales of goods and services to address the difficulties that consumers may
11  encounter in proving a fraud claim.  <u>Nelson v. Pearson Ford Co.</u>, 186 Cal. App. 4th
12  983, 1021 (2010) (citation omitted).  The statute was designed "to protect consumers
13  against unfair and deceptive business practices and to provide efficient and economical
14  procedures to secure such protection." Cal. Civ. Code § 1760.  The CLRA sets forth
15  twenty-three proscribed "unfair methods of competition and unfair or deceptive acts
16  or practices." <u>Id.</u> § 1770(a).

17      "Any consumer who suffers any damage as a result of the use or employment by
18  any person of a method, act, or practice declared to be unlawful by Section 1770 may
19  bring an action" under the CLRA.  Cal. Civ. Code § 1780(a).  To recover under the
20  CLRA, it is not enough to be exposed to an unlawful practice.  <u>Meyer v. Sprint
21  Spectrum L.P.</u>, 45 Cal. 4th 634, 641 (2009).  Instead, a plaintiff must allege a "tangible
22  increased cost or burden to the consumer." <u>Id.</u>  at 643.

23      Defendant moves to dismiss the CLRA claim on the grounds that they do not
24  adequately allege violations of the statute, and that they do not allege the required
25  harm caused by such violations.  (Def.'s Mot. 7:7–9, 8:4–8.)  It also argues that Rule
26  9(b)'s heightened pleading standard applies here to Plaintiffs' CLRA claim.  (<u>Id.</u> at
27  8:8–11.)  Plaintiffs argue that they adequately plead harm and that Rule 9(b) does not
28  apply to their CLRA claim.  (Pls.' Opp'n 16:1–18:10.)

1          **1.     Applicability of Rule 9(b)**

2          Defendant urges this Court to apply Rule 9(b)'s heightened pleading standard to

3    Plaintiffs' CLRA claim:  "FRCP 9(b) mandates that fraud-based pleadings, including

4    CLRA claims, must be set forth with particularity." (Def.'s Mot. 8:8–11.)  However, this

5    Court concludes that Rule 9(b) does not apply here.

6          Rule 9(b) does not apply to CLRA pleadings because, most importantly, the

7    CLRA makes no mention of any scienter or knowledge requirements.   This is the

8    primary difference between claims brought under the CLRA and fraud.   See Cal. Civ.

9    Code § 1770(a).  Other courts have addressed this issue and explained that the CLRA

10   is not a fraud statute.  Nordberg v. Trilegiant Corp., 445 F. Supp. 2d 1082, 1097 (N.D.

11   Cal. 2006); Vess v. Ciba-Geigy Corp. USA, 317 F.2d 1097, 1105 (9th Cir. 2003).  "To

12   require that plaintiffs prove more than the statute itself requires would undercut the

13   intent of the legislature in creating a remedy separate and apart from common-law

14   fraud."  Nordberg, 445 F. Supp. 2d at 1097.

15         Therefore, the Court finds that Rule 9(b)'s heightened pleading standard does

16   not apply to the CLRA allegations.  See Nordberg, 445 F. Supp. 2d at 1097.

17

18         **2.     Adequacy of Facts Pled**

19         Defendant argues that Plaintiffs "do[] not plead facts demonstrating that any act

20   or omission of CarMax was the cause of 'actual damage' to plaintiffs."  (Def.'s Mot.

21   8:4–6.)  The Court agrees.

22         Plaintiffs assert in the FAC that "they received less than they paid for" because

23   certified vehicles are worth more than non-certified vehicles, and that they suffered

24   "opportunity costs because CarMax's misrepresentations diverted Plaintiffs from finding

25   an authentic 'Certified' pre-owned." (FAC ¶¶ 21–23.)  These measurements of harm

26   might be sufficient for some of Plaintiffs' alleged instances of wrongdoing, but Plaintiffs

27   completely fail to address how Defendant's "failing to list the 'agreed value' of the trade-

28   in on the contract" is tied to such harm.  (See FAC ¶ 38.)  Ultimately, these allegations

1    are inadequate to raise the right of relief above a speculative level.  See Twombly, 550

2    U.S. at 555.  Plaintiffs simply fail to explain how each alleged instance of wrongdoing

3    harmed them.  See id.

4          Plaintiffs' FAC is defective because it also fails to attribute the alleged violations

5    of the CLRA's provisions to their respective allegations of wrongful conduct.  Instead,

6    the FAC merely contains a list of nine "unfair or deceptive acts" that the CLRA

7    prohibits followed by a list of six alleged acts of wrongful conduct. (FAC ¶¶ 37, 38.)

8    The Court appreciates Plaintiffs' aversion to adding "needless length and complexity

9    to the complaint," but this consideration produced an insufficiently pled complaint that

10   does not adequately put Defendant on notice of the claims asserted against them.[3] (Pls.'

11   Opp'n 11:11–12.)  Merely providing a lengthy list of actionable statutory provisions and

12   another separate list of alleged wrongful conduct is inadequate without explaining what

13   the connection between the two lists are.  See Twombly, 550 U.S. at 555.  Viewing the

14   FAC in the light most favorable to Plaintiffs, the logical connection between

15   Defendant's conduct and the listed CLRA provisions is tenuous at best.

16         Accordingly, the Court **GRANTS WITH LEAVE TO AMEND** Defendant's

17   motion to dismiss Plaintiffs' CLRA claim.

18

19   **B.    UCL**

20         California's UCL prohibits "any unlawful, unfair or fraudulent business act or

21   practice[.]"  Cal. Bus. & Prof. Code § 17200.  This cause of action is generally

22   derivative of some other illegal conduct or fraud committed by a defendant.  Khoury

23   v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993).  One element of standing for

24   a UCL claim under the Business & Professions Code is whether the plaintiff "lost money

25   or property."  Troyk v. Farmers Grp., Inc., 171 Cal. App. 4th 1305, 1348 (2009) (citing

26

27         [3] Plaintiffs attribute the "subsections and allegations" in their opposition, but these propositions
28   matching the CLRA provisions to their respective acts of wrongful conduct do not appear in the FAC.
     (See Pls.' Opp'n 11:13–14:2.)  As a result, Defendant did not have an adequate opportunity to respond
     until their reply.

1   Cal. Bus. & Prof. Code § 17204).  Defendant argues that Plaintiffs fail to adequately

2   plead that any UCL violations occurred and that any actual damage resulted.  (Def.'s

3   Mot. 15:22–28.)  The Court agrees.

4          As with their CLRA claim, Plaintiffs fail to allege how each listed instance of

5   wrongdoing violated the UCL and how each instance harmed them.  There is only one

6   allegation of harm that Plaintiffs connect to an unlawful activity: they assert that they

7   had to "pay for repairs" on the vehicle due to Defendant's "fraudulent concealment of

8   the true condition of the Pacifica."  (FAC ¶ 24.)  But this allegation of harm is not one

9   of the listed alleged unlawful business practices asserted under their UCL claim.  (See

10  id. ¶ 45.)

11         Even if the "fraudulent concealment" allegation was clearly attributable to the

12  UCL claim, Plaintiffs fail to adequately plead the elements for fraud.  Under California

13  law, the elements of fraud are: "(a) misrepresentation (false representation,

14  concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to

15  defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."

16  Small v. Fritz Companies, Inc., 30 Cal.4th 167, 173, 132 Cal.Rptr.2d 490, 65 P.3d 1255

17  (2003). In pleading fraud, Rule 9(b) requires plaintiffs to "state with particularity the

18  circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  A plaintiff must

19  specifically identify the allegedly fraudulent statements or acts of fraud, and plead

20  evidentiary facts including the dates, times, places, and person associated with each

21  misrepresentation or act of fraud.  See Kaplan v. Rose, 49 F.3d 1363, 1370 (9th

22  Cir.1994).  One of the central purposes of the particularity requirement is to "ensure[]

23  that allegations of fraud are specific enough to give defendants notice of the particular

24  misconduct . . . so that they can defend against the charge and not just deny that they

25  have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).

26         Plaintiffs do not mention any specific knowledge of falsity or intent to defraud.

27  Further, Plaintiffs do not include any specific evidentiary facts.  Plaintiffs contend that

28  Defendant's "normal practice violates the law," but offers no facts for the Court to

1  characterize what Defendant's normal practices are.  (Pls.' Opp'n 20:7–9.)  These
2  presumptuous allegations lack sufficient particularity to put Defendant on notice of the
3  claims charged against it; they fail to inform Defendant of what specific unlawful
4  activity that Plaintiffs allege caused them to lose money and suffer an injury in fact.
5      Accordingly, the Court **GRANTS WITH LEAVE TO AMEND** Defendants'
6  motion to dismiss Plaintiffs' UCL claim.

7

8  **IV.   CONCLUSION & ORDER**

9      In light of the foregoing, the Court **GRANTS WITH LEAVE TO AMEND**
10 Defendant's motion to dismiss (Doc. 19), and **DENIES AS MOOT** Defendant's
11 motion to strike (Doc. 20).  If Plaintiffs choose to filed an amended complaint, they
12 must do so no later than **May 1, 2014**.
13     **IT IS SO ORDERED.**

14

15 **DATE: April 17, 2014**

16 _____
17 **HON. THOMAS J. WHELAN**
   United States District Court
18 Southern District of California

19
20
21
22
23
24
25
26
27
28